**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

| | | |
|---|---|---|
| ANGELA DENISE NAILS, | ) | |
| | ) | |
| PLAINTIFF, | ) | |
| | ) | |
| v. | ) | CASE NO.  2:10-cv-1078-MEF |
| | ) | |
| MYRON H.  THOMPSON, | ) | (WO - Do Not Publish) |
| | ) | |
| DEFENDANT. | ) | |

**MEMORANDUM OPINION AND ORDER**

On December 20, 2010, Angela Denise Nails ("Nails"), a frequent *pro se* litigant in this Court,[1] brought this suit against Myron H. Thompson ("Judge Thompson"), a United States District Court Judge for the United States District Court for the Middle District of Alabama.  Along with the Complaint (Doc. # 1), Nails filed an Affidavit of Substantial Hardship and Order which this Court construes as a Motion for Leave to Proceed *in Forma Pauperis.*  For purposes of this Memorandum Opinion and Order, the Court assumes, *without deciding*, that Nails satisfies the economic eligibility criterion for proceeding *in forma pauperis* under 28 U.S.C. § 1915(a).

**SUMMARY OF ALLEGATIONS**

Nails seeks an award of punitive and compensatory damages from Judge Thompson in the amount of $45,075,000.  Additionally, she seeks costs of this action and a "reasonable

---

[1]  Including this case, it appears that Nails has filed forty-six *pro se* lawsuits in this Court since 2006.

attorney's fees [sic]" despite the fact that she is not represented by an attorney and has not incurred any such fees. Finally, she asks for equitable relief including barring Judge Thompson from handling any of other lawsuit, past or future, filed in the Middle District of Alabama.

Nails alleges that Judge Thompson harassed her, violated the "Federal Court Rules,"[2] violated her civil rights under the Fourth and Fourteenth Amendments to the United States Constitution, and violated Alabama law. Specifically, Nails objects to Judge Thompson's rulings in a lawsuit she filed against an entity knows as Ultimate Business Solutions. *See Nails v. Ultimate Business Solutions,* 1:06-cv-797-MHT (M.D. Ala.). On January 29, 2007, Judge Thompson dismissed that lawsuit without prejudice after having found that this Court lacked subject matter jurisdiction over the lawsuit. On July 25, 2007, Nails asked Judge Thompson to reconsider his ruling. He denied her motion on July 30, 2007. On October 9, 2007, Nails initiated an appeal which was ultimately unsuccessful. Months after the Eleventh Circuit Court of Appeals' decision issued as mandate, Nails tried to appeal again. She was unsuccessful. She then filed a series of motions in this Court which Judge Thompson denied. On August 17, 2010, Judge Thompson entered an Order denying Nails' Motion of Objection to the Order Dated August 10, 2010, which Judge Thompson construed as a motion to alter amend or vacate his prior Order. Nails identifies this August 17, 2010 ruling as an example of Judge Thompson's acts upon which she bases this lawsuit against Judge Thompson.

On September 29, 2010, Nails filed a lawsuit against Judge Thompson. Complaint

---

[2] Nails appears to mean the Federal Rules of Civil Procedure.

in that suit is virtually identical to the Complaint in the instant action.  The Court entered a Memorandum Opinion and Order dismissing the suit prior to service pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).  Nails did not appeal this ruling.  Instead, less than two months later she filed this lawsuit.

## DISCUSSION

Upon review of the Complaint filed in this case, the Court again concludes that dismissal of this case prior to service of process is appropriate under 28 U.S.C. § 1915(e)(2)(B).  The statute provides, in pertinent part:

> [T]he court shall dismiss the case at any time if the court determines that . . . the action or appeal– (i) is frivolous or malicious, (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).  Thus, Section 1915

> allows the district court to dismiss the complaint prior to service of process if it determines the complaint to be frivolous or malicious and spare the defendant the inconvenience and expense of answering a frivolous complaint.

*Woodall v. Foti*, 648 F.2d 268, 271 (5th Cir. June 16, 1981).[3]  *See also, Procup v. Strickland*, 760 F.2d 1107, 1114 (11th Cir. 1985).  A claim is legally frivolous when it lacks an arguable basis either in law or in fact.  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  *Neitzke*, 490 U.S. at 327.

---

[3]  In *Bonner v. City of Prichard, Ala.*, 661 F.2d 1206, 1209 (11th Cir. Nov. 3, 1981) (*en banc*), the Eleventh Circuit adopted as binding precedent all Fifth Circuit decisions handed down prior to the close of business on September 30, 1981.

Because Nails sues Judge Thompson for actions he took while acting in his judicial capacity, Judge Thompson is entitled to absolute judicial immunity. "Judges are entitled to absolute judicial immunity from damages for those acts taken while they are acting in their judicial capacity unless they acted in the 'clear absence of all jurisdiction.'" *Bolin v. Story*, 225 F.3d 1234, 1239 (11th Cir. 2000) (citations omitted). *Accord, Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978); *Dennis v. Sparks,* 449 U.S. 24, 27-29 (1980); *Sun v. Forrester*, 939 F.2d 924, 925 (11th Cir. 1991). "This immunity applies even when the judge's acts are in error, malicious, or were in excess of his or her jurisdiction." *Id.* Whether a judge's actions were made while acting in his or her judicial capacity depends on whether: (1) the act complained of constituted a normal judicial function; (2) the events occurred in the judge's chambers or in open court; (3) the controversy involved a case pending before the judge; and (4) the confrontation arose immediately out of a visit to the judge in his or her judicial capacity. *See, e.g., Sibley v. Lando*, 437 F.3d 1067, 1070 (11th Cir. 2005); *Scott v. Hayes*, 719 F.2d 1562, 1565 (11th Cir. 1983).

Nails' allegations against Judge Thompson all clearly implicate acts taken in his judicial capacity for which he is entitled to absolute judicial immunity. Without commenting on the merits or lack thereof of any of the numerous lawsuits Nails has filed, the Court notes that if Nails believes a district judge has been in error in rulings or official court actions, the path for challenging such rulings is an appeal to an appellate court. The law does not subject a judge to suit by unsuccessful litigants. Thus, Nails' dispute with Judge Thompson's rulings in another case does not state a cognizable federal claim. Her sole remedy for her

dissatisfaction with the rulings of the Judge Thompson was to seek further relief in that case by timely and properly pursuing an appeal of the rulings to the appropriate appellate court. Having been unsuccessful in that appeal, Nails may not sue Judge Thompson.  Because it is clear that Nails cannot cure the defect in her suit, her claims against Judge Thompson must be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) as those claims are based on an indisputably meritless legal theory.  *See Neitzke*, 490 U.S. at 327.

While Nails appears to complain about the fact that her prior case was been dismissed by Judge Thompson *sua sponte* prior to service, this practice is wholly consistent with federal law.  As the Eleventh Circuit Court of Appeals recently explained, it is the recognized law of this circuit

> that district courts have the inherent power to *sua sponte* dismiss frivolous suits without giving notice to the parties. *See Jefferson v. Fourteenth Assocs.*, 695 F.2d at 526.  Under § 1915A, a complaint is frivolous if it is "without arguable merit either in law or fact."  *Bilal*, 251 F.3d at 1349.  In discussing what is frivolous in the context of 28 U.S.C. § 1915(e)(2)(B)(i), [the Eleventh Circuit] also ha[s] held that "[a] district court may conclude a case has little or no chance of success and dismiss the complaint before service of process when it determines from the face of the complaint that the factual allegations are 'clearly baseless' or that the legal theories are 'indisputably meritless.'"  *Carroll v. Gross*, 984 F.2d 392, 292 (11th Cir. 1993).

*Davis v. Kvalheim*, 261 Fed. Appx. 231, 234-35 (11th Cir. 2008).  A district court is not required to allow a clearly baseless action to proceed to allow a litigant to employ "the legal system as a tool to intimidate and heckle those he imagines have done him wrong."  *Id.*

As set out above, the Court finds that all of Nails' claims in this action: (1) are

frivolous or malicious;[4] (2) fail to state any claim on which relief may be granted; or (3) seek monetary relief against a defendant who is immune from such relief.   Section 1915(e) not only allows, *but expressly requires*, district courts to dismiss such invectives.   That federal statute provides that a district court "shall" dismiss a complaint at any time if the court determines that the action is "frivolous or malicious."  28 U.S.C. § 1915(e)(2)(B)(i).  Thus, the Court must and will dismiss Nails' claims as set forth in the Complaint in this case.

## CONCLUSION

For the foregoing reasons, it is hereby ORDERED as follows:

1.  Even assuming *arguendo* that the Motion for Leave to Proceed *in Forma Pauperis* (Doc. # 2) is due to be GRANTED to the extent that Plaintiff Angela Denise Nails' Complaint could be filed without the prepayment of fees, Plaintiff Angela Denise Nails' Complaint is hereby DISMISSED prior to service on Defendant prior to service pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) - (iii).

2.   An appropriate judgment will be entered consistent with this Memorandum Opinion and Order.

3.  Nails is cautioned that the Federal Rules of Civil Procedure, including Rule 11,

---

[4]   The Court finds that Nails' claims in this action are frivolous.  The Court also suspects that the manifest purpose of Nails' compliant is not to rectify any cognizable harm, but only to harass Judge Thompson because she disagrees with the prior actions of this court. It is worth noting that in similar circumstances some courts have also characterized such claims as malicious.  *See, e.g., Tapia-Ortiz v. Winter*, 185 F.3d 8, 11 (2nd Cir. 1999) (interpreting as mandatory identical language in provision of § 1915 addressing suits by inmates in a factually similar context and finding the plaintiff's claims warranted dismissal as "malicious.")

apply to her with full force and effect despite her *pro se* and indigent status.  Rule 11

prohibits filing complaints for any improper purpose, such as to harass a defendant.  Rule 11

clearly authorizes sanctions for violations of its provisions in whatever form is necessary to

deter repetition of the conduct.

DONE this the 7th day of January, 2011.

_____/s/ Mark E. Fuller_____
CHIEF UNITED STATES DISTRICT JUDGE